UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------x
:
MERISANT COMPANY,                            :
:
Plaintiff,            :
:
:   Civil Action No. 04-CV-5504
v.                                 :
:   Judge Gene E.K. Pratter
McNEIL NUTRITIONALS, LLC and         :
McNEIL-PPC, INC.,                    :
:
Defendants.           :
:
---------------------------------------------------------x

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendants McNeil Nutritionals, LLC and McNeil-PPC, Inc. (collectively "McNeil"), by their attorneys, for their Answer with Affirmative Defenses to the correspondingly numbered paragraphs of the Complaint of Merisant Company ("Merisant"), respectfully allege and state as follows:

1. Deny that the advertising and the packaging for Splenda make claims that are literally false or mislead consumers into believing that Splenda contains actual sugar and is a natural product. Admit that the claim that Splenda is "made from sugar so it tastes like sugar," and the "made from sugar, tastes like sugar" logo, appear in advertising and packaging for Splenda. Admit that there is no actual sugar in Splenda no-calorie sweetener. Deny that the sweet taste of Splenda does not come from sugar. Deny that Splenda is not natural in any sense of the word. As to the allegation that Splenda is sweetened with a synthetic compound that is the result of a complex chemical process, admit only that the sweetening ingredient in Splenda is made by a multi-step process that starts with cane sugar.

2. Admit that Splenda is an artificial sweetener that does not contain sugar.

1

Deny the remaining allegations of Paragraph 2.

3. Admit that Merisant is the maker of Equal and Nutrasweet. Deny the remaining allegations of Paragraph 3.

4. Admit that Merisant filed a challenge to certain advertising and packaging for Splenda with the National Advertising Division ("NAD"), and that McNeil declined to participate in that proceeding. Aver that McNeil has participated in NAD proceedings in the past, both as a challenger *and* as an advertiser.

5. Admit that McNeil filed a declaratory judgment action in the United States District Court for the District of Puerto Rico, where a related action between the parties is pending. Deny the remaining allegations and characterizations of Paragraph 5.

## PARTIES

6. Admit, except deny that each allegation in the Complaint is a "fact."

7. Admit.

8. Admit that McNeil-PPC, Inc. is a New Jersey corporation with its principal place of business in Fort Washington, Pennsylvania, and that McNeil-PPC, Inc. has manufactured Splenda. Deny the remaining allegations of Paragraph 8.

## JURISDICTION AND VENUE

9. Admit that this Court has subject matter jurisdiction over this action pursuant to the referenced statutes, and that venue is proper in this district. Deny that the acts that gave rise to this lawsuit occurred wholly, or even primarily, in the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

10. Admit.

2

11. Admit that Splenda is manufactured using sucralose. Deny the remaining allegations of Paragraph 11.

12. Admit that some advertisements and packaging for Splenda include the referenced logo.

13. Admit that the word "sugar" appears in larger type face than the other four words included in the referenced logo. Deny the remaining allegations and characterizations of Paragraph 13.

14. Admit that the referenced "tagline" is used in advertising and packaging for Splenda. Deny the remaining allegations of Paragraph 14.

15. Deny.

16. Deny.

17. Admit that the Splenda package lists dextrose, maltodextrin and sucralose as the product's ingredients. Aver that this list of ingredients is accurate and in keeping with applicable federal regulations. Deny the remaining allegations of Paragraph 17.

18. Admit that sucralose and sucrose are distinct compounds and that there are several ways to make sucralose, including one that does not begin with sucrose proper. Admit that raffinose is a naturally-occurring compound found in beans and onions that does not have a sweet taste. Deny the remaining allegations of Paragraph 18.

19. Admit that sucralose is approximately 600 times sweeter than sugar and that Splenda, like all no-calorie sweetener products, contains bulking agents. Deny the remaining allegations of Paragraph 19.

20. Admit that, whether synthesized from raffinose, sucrose (sugar) or otherwise, the chemical compound known as sucralose will always taste the same. Deny the

3

other allegations of Paragraph 20.

21. Deny.

22. Deny.

23. Admit that sucralose can be synthesized by, *inter alia*, removing hydrogen and oxygen from a sucrose or raffinose molecule, and then using the referenced gases to add three atoms of chlorine to the remaining structure. Admit that there are patents covering the synthesis of sucralose. Deny the remaining allegations of Paragraph 23.

24. Admit the substance of the allegations of Paragraph 24. Aver that the language in which that substance is expressed is inflammatory and misleading.

25. Admit that Splenda is not dangerous to consumers. Deny the remaining allegations of Paragraph 25.

26. Admit that McNeil does not use the referenced logo and tagline in its advertising in all countries. Deny the remaining allegations of Paragraph 26.

27. Admit that advertising for Splenda has included the phrases "Think sugar, say Splenda," "Splenda and spice and everything nice," "Roses are red, violets are blue, Splenda is sweet, and so are you," and "sweet as Splenda." Deny the remaining allegations of Paragraph 27.

28. Deny.

29. Deny.

30. Deny.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32. Deny knowledge or information sufficient to form a belief as to the truth

4

of the allegations of Paragraph 32.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36. Admit that McNeil has made the quoted representations. Deny the remaining allegations of Paragraph 36.

37. Deny.

38. Admit.

39. Admit that Merisant filed the referenced challenge in the NAD.

40. Admit that McNeil declined to participate in the NAD proceeding instituted by Merisant and instead exercised its right to file a declaratory judgment action in federal court. Deny the remaining allegations of Paragraph 40.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

## COUNT I – LANHAM ACT

47. McNeil hereby incorporates its response as set forth in Paragraphs 1

through 46 above as if set forth fully herein.

      48.    Deny.

      49.    Deny.

      50.    Deny.

## COUNT II – LANHAM ACT

      51.    McNeil hereby incorporates its response as set forth in Paragraphs 1 through 50 above as if set forth fully herein.

      52.    Deny.

      53.    Deny.

      54.    Deny.

## COUNT III – LANHAM ACT

      55.    McNeil hereby incorporates its response as set forth in Paragraphs 1 through 54 above as if set forth fully herein.

      56.    Deny.

      57.    Deny.

      58.    Deny.

## COUNT IV – LANHAM ACT

      59.    McNeil hereby incorporates its response as set forth in Paragraphs 1 through 58 above as if set forth fully herein.

      60.    Deny.

      61.    Deny.

      62.    Deny.

## COUNT V – UNFAIR COMPETITION

63. McNeil hereby incorporates its response as set forth in Paragraphs 1 through 62 above as if set forth fully herein.

64. Deny.

65. Deny.

66. Deny.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

67. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68. The claims in the Complaint are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

69. The claims in the Complaint are barred by the applicable statute(s) of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

70. The claims in the Complaint are barred, in whole or in part, by the United States Constitution, First Amendment.

WHEREFORE, McNeil respectfully prays that the Complaint be dismissed in its entirety, that McNeil be awarded its costs and attorneys' fees, and that the Court order such other and further relief as it deems just and proper.

Dated:   January 25, 2005

Respectfully submitted,

Steven A. Zalesin
Jeffrey D. Rotenberg
Jennifer L. Higgins
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York  10036-6710
(212) 336-2000

and

DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, Pennsylvania 19103-6996
(215) 988-2700

By: _____
Alfred W. Putnam, Jr.

Of Counsel:

Donna Malin, Esq.
Johnson & Johnson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

―――――――――――――――――――x
                                    :
MERISANT COMPANY,                   :
                                    :
                    Plaintiff,      :
                                    :   Civil Action No. 04-cv-5504
        v.                          :
                                    :   Judge Gene E.K. Pratter
McNEIL NUTRITIONALS, LLC and        :
McNEIL-PPC, INC.,                   :
                                    :
                    Defendants.     :
                                    :
―――――――――――――――――――x

## CERTIFICATE OF SERVICE

The following papers:

## ANSWER WITH AFFIRMATIVE DEFENSES

was served on counsel for Merisant Company:

Abraham C. Reich
FOX ROTHSCHILD LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-3291
(Hand-Delivery)

Gregg F. LoCascio
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, D.C. 20005
(Federal Express)

on the date shown below.

David J. Kessler

Date:   January 25, 2005