GP

(33)

**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

APR 20 2005

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

---------------------------------x
MERISANT COMPANY,                :
                                 :
                   Plaintiff,    :
                                 :    Civil Action No. 04-CV-5504
        v.                       :
                                 :    Judge Gene E.K. Pratter
McNEIL NUTRITIONALS, LLC and     :
McNEIL-PPC, INC.,                :
                                 :
                   Defendants.   :
                                 :
---------------------------------x

### FIRST AMENDED ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants McNeil Nutritionals, LLC and McNeil-PPC, Inc. (collectively "McNeil"), by their attorneys, for their Answer with Affirmative Defenses to the correspondingly numbered paragraphs of the Complaint of Merisant Company ("Merisant"), respectfully allege and state as follows:

1.      Deny that the advertising and the packaging for Splenda make claims that are literally false or mislead consumers into believing that Splenda contains actual sugar and is a natural product. Admit that the claim that Splenda is "made from sugar so it tastes like sugar," and the "made from sugar, tastes like sugar" logo, appear in advertising and packaging for Splenda. Admit that there is no actual sugar in Splenda no-calorie sweetener. Deny that the sweet taste of Splenda does not come from sugar. Deny that Splenda is not natural in any sense of the word. As to the allegation that Splenda is sweetened with a synthetic compound that is the result of a complex chemical process, admit only that the sweetening ingredient in Splenda is made by a multi-step process that starts with cane sugar.

2. Admit that Splenda is an artificial sweetener that does not contain sugar. Deny the remaining allegations of Paragraph 2.

3. Admit that Merisant is the maker of Equal and Nutrasweet. Deny the remaining allegations of Paragraph 3.

4. Admit that Merisant filed a challenge to certain advertising and packaging for Splenda with the National Advertising Division ("NAD"), and that McNeil declined to participate in that proceeding. Aver that McNeil has participated in NAD proceedings in the past, both as a challenger *and* as an advertiser.

5. Admit that McNeil filed a declaratory judgment action in the United States District Court for the District of Puerto Rico, where a related action between the parties is pending. Deny the remaining allegations and characterizations of Paragraph 5.

## PARTIES

6. Admit, except deny that each allegation in the Complaint is a "fact."

7. Admit.

8. Admit that McNeil-PPC, Inc. is a New Jersey corporation with its principal place of business in Fort Washington, Pennsylvania, and that McNeil-PPC, Inc. has manufactured Splenda. Deny the remaining allegations of Paragraph 8.

## JURISDICTION AND VENUE

9. Admit that this Court has subject matter jurisdiction over this action pursuant to the referenced statutes, and that venue is proper in this district. Deny that the acts that gave rise to this lawsuit occurred wholly, or even primarily, in the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

10. Admit.

11. Admit that Splenda is manufactured using sucralose. Deny the remaining allegations of Paragraph 11.

12. Admit that some advertisements and packaging for Splenda include the referenced logo.

13. Admit that the word "sugar" appears in larger type face than the other four words included in the referenced logo. Deny the remaining allegations and characterizations of Paragraph 13.

14. Admit that the referenced "tagline" is used in advertising and packaging for Splenda. Deny the remaining allegations of Paragraph 14.

15. Deny.

16. Deny.

17. Admit that the Splenda package lists dextrose, maltodextrin and sucralose as the product's ingredients. Aver that this list of ingredients is accurate and in keeping with applicable federal regulations. Deny the remaining allegations of Paragraph 17.

18. Admit that sucralose and sucrose are distinct compounds and that there are several ways to make sucralose, including one that does not begin with sucrose proper. Admit that raffinose is a naturally-occurring compound found in beans and onions that does not have a sweet taste. Deny the remaining allegations of Paragraph 18.

19. Admit that sucralose is approximately 600 times sweeter than sugar and that Splenda, like all no-calorie sweetener products, contains bulking agents. Deny the remaining allegations of Paragraph 19.

20. Admit that, whether synthesized from raffinose, sucrose (sugar) or otherwise, the chemical compound known as sucralose will always taste the same. Deny the other allegations

of Paragraph 20.

21. Deny.

22. Deny.

23. Admit that sucralose can be synthesized by, *inter alia*, removing hydrogen and oxygen from a sucrose or raffinose molecule, and then using the referenced gases to add three atoms of chlorine to the remaining structure. Admit that there are patents covering the synthesis of sucralose. Deny the remaining allegations of Paragraph 23.

24. Admit the substance of the allegations of Paragraph 24. Aver that the language in which that substance is expressed is inflammatory and misleading.

25. Admit that Splenda is not dangerous to consumers. Deny the remaining allegations of Paragraph 25.

26. Admit that McNeil does not use the referenced logo and tagline in its advertising in all countries. Deny the remaining allegations of Paragraph 26.

27. Admit that advertising for Splenda has included the phrases "Think sugar, say Splenda," "Splenda and spice and everything nice," "Roses are red, violets are blue, Splenda is sweet, and so are you," and "sweet as Splenda." Deny the remaining allegations of Paragraph 27.

28. Deny.

29. Deny.

30. Deny.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 32.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36. Admit that McNeil has made the quoted representations. Deny the remaining allegations of Paragraph 36.

37. Deny.

38. Admit.

39. Admit that Merisant filed the referenced challenge in the NAD.

40. Admit that McNeil declined to participate in the NAD proceeding instituted by Merisant and instead exercised its right to file a declaratory judgment action in federal court. Deny the remaining allegations of Paragraph 40.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

## COUNT I – LANHAM ACT

47. McNeil hereby incorporates its response as set forth in Paragraphs 1 through 46

1164438v3

above as if set forth fully herein.

    48.    Deny.

    49.    Deny.

    50.    Deny.

## COUNT II – LANHAM ACT

    51.    McNeil hereby incorporates its response as set forth in Paragraphs 1 through 50 above as if set forth fully herein.

    52.    Deny.

    53.    Deny.

    54.    Deny.

## COUNT III – LANHAM ACT

    55.    McNeil hereby incorporates its response as set forth in Paragraphs 1 through 54 above as if set forth fully herein.

    56.    Deny.

    57.    Deny.

    58.    Deny.

## COUNT IV – LANHAM ACT

    59.    McNeil hereby incorporates its response as set forth in Paragraphs 1 through 58 above as if set forth fully herein.

    60.    Deny.

    61.    Deny.

    62.    Deny.

## COUNT V – UNFAIR COMPETITION

63. McNeil hereby incorporates its response as set forth in Paragraphs 1 through 62 above as if set forth fully herein.

64. Deny.

65. Deny.

66. Deny.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

67. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68. The claims in the Complaint are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

69. The claims in the Complaint are barred by the applicable statute(s) of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

70. The claims in the Complaint are barred, in whole or in part, by the United States Constitution, First Amendment.

WHEREFORE, McNeil respectfully prays that the Complaint be dismissed in its entirety, that McNeil be awarded its costs and attorneys' fees, and that the Court order such other and further relief as it deems just and proper.

## COUNTERCLAIMS

71. This is an action for false advertising and deceptive business practices in violation of federal and state law. In advertisements that are currently appearing in this District and

throughout the United States, Merisant is claiming that its product Equal Sugar Lite® ("ESL") contains "half the calories and carbs" of regular sugar when compared on a cup-for-cup basis. This statement is false. Testing conducted by McNeil shows that ESL has only 23% fewer calories and only 27% fewer carbohydrates than a comparable amount of sugar – a substantially smaller reduction than that claimed by Merisant. Merisant's advertising is deceiving consumers and injuring McNeil, which markets its own reduced calorie baking product, Splenda® Sugar Blend, in direct competition with ESL. McNeil seeks injunctive relief and damages for the harm occasioned by Merisant's false advertising claims.

## PARTIES, JURISDICTION, AND VENUE

72.     McNeil is a Delaware limited liability company with its principal place of business in Fort Washington, Pennsylvania. McNeil is engaged in the business of marketing innovative nutritional products, including a number of products that contain the no-calorie sweetener sucralose, which McNeil markets under the brand name Splenda.

73.     Upon information and belief, Merisant is a Delaware corporation with its principal place of business in Chicago, Illinois. Merisant is a manufacturer of artificial sweeteners, including the Equal®, Nutrsaweet®, and Canderel® brands. Merisant also manufactures and markets ESL.

74.     This Court has subject matter jurisdiction over McNeil's counterclaims pursuant to 28 U.S.C. § 1331 (action arising under the laws of the United States); 15 U.S.C. § 1121(a) (action arising under the Lanham Act); 28 U.S.C. § 1367 (supplemental jurisdiction); 28 U.S.C. § 1338(b) (unfair competition relating to trademark); and Rule 13, Fed. R. Civ. P.

75.     Merisant is subject to the personal jurisdiction of this Court because it regularly and systematically transacts business in this judicial District and because the national advertising

in question affects consumers and McNeil in this District.

76. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## MERISANT'S ADVERTISING CLAIMS

77. Merisant began marketing ESL in 2004 as a reduced calorie sweetener that can be substituted for sugar in baking and cooking. ESL is a blend of natural sugar (sucrose) and the no-calorie sweeteners aspartame and acesulfame potassium. According to its packaging, ESL also contains maltodextrin (a bulking ingredient) and artificial flavors.

78. Merisant currently sells ESL in two package sizes – 500 grams and 1 kilogram – that Merisant claims are the respective equivalents of two-pound and four-pound bags of sugar. Merisant has included graphics on both sizes of ESL packaging that claim that the product "Measures Cup for Cup Like Sugar!" and has "1/2 the Carbs and Calories of Sugar." Merisant further emphasizes this claim by including a table on the back of the packages that purportedly compares the number of calories in equivalent portions of ESL and Sugar:

|  | ESL | Sugar |
| --- | --- | --- |
| 1 teaspoon | 8 calories | 16 calories |
| 1 cup | 384 calories | 768 calories |

79. Merisant advertises ESL in television commercials, in print media, and in free-standing inserts placed in newspapers. In each of its advertisements, Merisant repeats its claims that ESL contains "half" of the calories and carbohydrates of sugar, and that ESL "measures cup for cup like sugar." Examples of Merisant's advertising are appended hereto as Exhibits 1-3. They include:

A. A television commercial that first appeared in or about November 2004, in which an announcer states that "[Equal] Sugar Lite is the only blend that measures and bakes like sugar but with half the calories and carbs" (Exhibit 1);

B. A print ad that first appeared in magazines on or about November 1, 2004 that depicts a cake decorated to appear as the ESL package, showing its large "1/2 The Carbs and Calories of Sugar" and "Measures Cup for Cup like Sugar!" claims. The text below the package reiterates that ESL is "the only blend of sugar and no-calorie sweeteners that measures and bakes like sugar, but with half the calories and carbs" (Exhibit 2); and

C. A free-standing insert with discount coupons that first appeared on or about November 17, 2004, depicting the ESL package with its large and prominent "1/2 The Carbs and Calories of Sugar" and "the ONLY blend that measures cup for cup like sugar" claims (Exhibit 3).

## MERISANT'S CLAIMS ARE LITERALLY FALSE

80. Merisant's claim that ESL contains "1/2 the calories" of sugar when measured "cup for cup" with sugar is literally false. In fact, tests commissioned by McNeil show that the average cup of ESL contains only 23% fewer calories than a cup of sugar, not "1/2" the calories, as ESL's packaging and advertising proclaim. Thus, while Merisant's packaging states that a cup of ESL has only **384 calories** (versus 768 calories for a cup of sugar), the actual calorie content of ESL is **589 calories** – more than **50% greater** than the amount claimed by Merisant.

81. Merisant's claim that ESL contains "1/2 the carbs" of an equal amount of sugar is also literally false. McNeil's tests demonstrate that a cup of ESL contains, on average, 147 grams of carbohydrates. In contrast, one cup of sugar contains approximately 200 grams of carbohydrates. Therefore, when measured "cup for cup" against sugar, ESL actually contains

only 27% fewer grams of carbohydrates than sugar, not the "1/2" that ESL's and advertising proclaims.

82. In sum, Merisant's advertising and packaging for ESL misinforms consumers that, by substituting one cup of ESL for one cup of sugar, as the package suggests, they can reduce their caloric and carbohydrate intake by 50%. In fact, the substitution of ESL for sugar results in only a 23% reduction in calories and a 27% reduction in carbohydrates.

## INJURY TO MCNEIL AND TO THE PUBLIC

83. McNeil markets a sugar blend product for use in cooking in baking in competition with Merisant under the trade name Splenda Sugar Blend. Like ESL, Splenda Sugar Blend is a mixture of sugar and artificial sweeteners that is marketed as containing half of the carbohydrates and calories of sugar. Unlike ESL, however, Splenda Sugar Blend is not marketed as being substitutable "cup for cup" with sugar. Rather, the suggested use of Splenda Sugar Blend is to substitute one-half cup of Splenda Sugar Blend for one full cup of sugar.

84. McNeil is suffering and will continue to suffer injury due to Merisant's false and misleading advertising for ESL. Upon information and belief, because of Merisant's false assertions that ESL contains only "half" the calories and carbohydrates of sugar, and because some consumers may prefer a product that is substitutable "cup for cup" with sugar, certain consumers are more likely to purchase ESL instead of Splenda Sugar Blend in the false belief that they are purchasing a product that will provide "1/2" the calories and carbohydrates of sugar when measured cup-for-cup with sugar.

85. In addition, Merisant's false advertising claims have injured and will continue to injure consumers. Consumers who use ESL as directed on the package – that is, by substituting it "cup for cup" for sugar – consume more than 200 additional calories, and 50 additional grams

of carbohydrates, per cup than represented by Merisant. Merisant's false claims not only overstate the calorie and carbohydrate reduction benefits of its product, but also have the potential to adversely affect consumers on special diets, including diabetics and others who must carefully control their sugar intake in order to deal with serious health conditions.

## FIRST COUNTERCLAIM
## (LANHAM ACT)

86. McNeil repeats and realleges each and every allegation set forth in paragraphs 71 through 85 above as if fully set forth herein.

87. By reason of the foregoing, Merisant has violated Section 43(a) of the Lanham Act, 43 U.S.C. § 1125(a).

## SECOND COUNTERCLAIM
## (UNFAIR COMPETITION)

88. McNeil repeats and realleges each and every allegation set forth in paragraphs 71 through 85 above as if fully set forth herein.

89. By reason of the foregoing, Merisant has engaged in unfair competition in violation of Pennsylvania common law.

WHEREFORE McNeil respectfully prays for judgment against Merisant as follows:

    A.    An Order permanently enjoining Merisant from:

        (a)    continuing to market its product under labeling that asserts, in words or in substance, that ESL, when measured cup for cup with sugar, contains half of the calories or carbohydrates of sugar;

        (b)    disseminating the packaging and advertising materials attached as Exhibits 1-4 hereto, or any advertisements or promotional materials that assert, in words or in substance, that ESL, when

measured cup for cup with sugar, contains half of the calories or carbohydrates of sugar;

B. An Order directing Merisant to disseminate corrective advertising, in a manner and form to be approved by the Court, to remedy the false and deceptive impressions that Merisant's packaging and advertising have caused among consumers;

C. An award of damages, in an amount to be determined at trial, for the injury suffered by McNeil on account of Merisant's false advertising claims;

D. An award of McNeil's costs and disbursements in this action;

E. An award of McNeil's attorneys' fees, treble damages and other available exemplary damages, pursuant to 15 U.S.C. § 1117, based upon Merisant's malicious, willful, and deliberate acts against consumers and McNeil; and

1164438v3

    F.    Such other and further relief as the Court deems just and proper.

Dated:    March __, 2005

Respectfully submitted,

Steven A. Zalesin
Clay J. Pierce
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000

and

DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, Pennsylvania 19103-6996
(215) 988-2700

By: _____
       Alfred W. Putnam, Jr.

Of Counsel:

    Donna Malin, Esq.
    Johnson & Johnson

1164438v3

United States District Court
Eastern District of Pennsylvania
US Courthouse
601 Market Street
Philadelphia PA 19106-1797

Michael E. Kunz
Clerk of Court

Clerk's Office
Records Room
Room 2610

Date: 4/17/06

TO: The Honorable Judge Pratter

FROM: Parcels Inc

The following item is missing from the Records Room:

Case Name: Merisant Co. vs McNeil Nutritionals LLC

Case Number: 04-cv-5504     Pleading Number: 33

*Returned
R. Dub
4/24-06*

Please check your office and with chambers staff to determine if they have it. If you have it, please bring it down with you on your next trip. If you do not, please indicate on this form that it is not in your chambers, and send this request back to the Records Room.

Your cooperation is critical in serving the public.
Thank you in advance for your effort.

Records Room Staff