UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

————————————————————x
MERISANT COMPANY,                          :
                                           :     Civil Action No. 04-CV-55-4
                        Plaintiff,         :
                                           :     Judge Gene E.K. Pratter
              v.                           :
                                           :
McNEIL NUTRITIONALS, LLC and               :
McNEIL-PPC, INC.,                          :
                                           :
                        Defendants.        :
————————————————————x


**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**


Steven A. Zalesin
Clay J. Pierce
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York  10036
212-336-2000 (telephone)
212-336-2222 (facsimile)

*Attorneys for McNeil Nutritionals, LLC and McNeil-PPC, Inc.*


Of counsel:

Donna Malin, Esq.
Johnson & Johnson

Pursuant to Judge Pratter's General Pretrial and Trial Procedures, Section II(J)(17), Defendants McNeil Nutritionals, LLC and McNeil-PPC, Inc. respectfully submit these proposed jury instructions with respect only to substantive issues.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1**

**False Advertising Under Federal Law**

Merisant Company, as Plaintiff, has asserted claims against McNeil Nutritionals, LLC and McNeil-PPC, Inc., as Defendants, for false advertising under federal law. Specifically, Merisant alleges that the advertising claims that Splenda is "Made from Sugar, Tastes Like Sugar" and "Made From Sugar So It Tastes Like Sugar" are literally false. Merisant further alleges that these claims mislead a substantial portion of relevant consumers to believe that Splenda actually contains sugar, or is natural.

McNeil contends that the "Made From Sugar, Tastes Like Sugar" and "Made From Sugar So It Tastes Like Sugar" advertising claims are literally true and do not mislead a substantial number of consumers.

Merisant has the burden of proving its claim of false advertising. To fulfill this burden, Merisant must prove each of the following elements by a preponderance of the evidence:

1.   that McNeil has made a false or misleading statement or statements about Splenda;

2.   that there is actual deception – or at least a tendency to deceive – a substantial portion of the intended audience;

3.   that the deception is material in that it is likely to influence consumers' purchasing decisions;

4.   that the advertised goods traveled in interstate commerce; and

5.   that Merisant has been injured as a result of the false or misleading statements, in terms of lost sales or otherwise.[1]

---

[1] *Novartis Consumer Health Inc. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 590 (3d Cir. 2002); *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 171 (3d Cir. 2001); *Warner-Lambert Co. v. Breathasure*, 204 F.3d 87, 91-92 (3d Cir. 2000); *Johnson & Johnson-Merck Consumer Pharm. Co. v. Rhone-Poulenc Rorer*, 19 F.3d 125, 129 (3d Cir. 1994); *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 872 (3d Cir. 1992).

Merisant alleges that more than one of McNeil's advertising claims for Splenda violates federal law.  To find for Merisant and against McNeil as to a particular advertising claim, you must find that Merisant has proven each of these five elements as to each particular claim.

I will now explain each of the five elements in detail.

1358064v1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2**

**False advertising -- Element 1 (False or misleading statement)**

Merisant must prove by a preponderance of the evidence that McNeil made a false or misleading statement of fact about Splenda in its advertising.  Merisant may fulfill this element by showing either that (1) McNeil made a literally false statement, or that (2) McNeil made a misleading statement.[2]  It is not enough for Merisant to show that the claims in advertising for Splenda are inadequately substantiated -- Merisant must show that the claims are false or misleading.[3]

A statement is literally false when it explicitly and unambiguously states something that is untrue.  Merisant alleges that the "Made From Sugar, Tastes Like Sugar" and "Made From Sugar So It Tastes Like Sugar" claims are literally false, and McNeil counters that they are literally true.

A statement that is literally true may be misleading if it is likely to deceive a substantial portion of its target audience.  But, a factual proposition that is susceptible to misunderstanding by some consumers is not necessarily misleading under federal law.[4]  Merisant alleges that the "Made From Sugar, Tastes Like Sugar" and "Made From Sugar So It Tastes Like Sugar" claims are misleading, and McNeil counters that these claims are not misleading.

---

[2] *Highmark*, 276 F.3d at 171; *Rhone-Poulenc Rorer*, 19 F.3d at 129; *Castrol, Inc. v. Pennzoil Co.*, 987 F.2d 939, 943 (3d Cir. 1993); *Sandoz Pharmaceutical Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 227-29 (3d Cir. 1990).

[3] *Sandoz*, 902 F.2d at 227-229; *U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914, 922 (3d Cir. 1990).

[4] *Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 887 (7th Cir. 2000); *Haymond v. Lundy*, No. Civ. A. 99-5048, 2001 WL 15956 (E.D. Pa. Jan. 5, 2001).

To decide whether an advertising claim is false or misleading, you must go through a two-step process:  you must first determine what claim or claims the advertising conveys and second you must determine whether those claims are false or misleading.[5]

---

[5] *Novartis*, 290 F.3d at 586; *U.S. Healthcare,*, 898 F.2d at 922.

1358064v1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3**

**False advertising -- Element 2 (Actual deception)**

The second element Merisant must prove by a preponderance of the evidence is that the statements McNeil made about Splenda actually deceived a substantial portion of the targeted audience.

If you determine that McNeil's advertising claims were literally false, then you need not consider this second element.

If you find that the advertising literally true but misleading, however, then Merisant must demonstrate by a preponderance of the evidence that a substantial portion of the targeted consumers were actually deceived by the advertising claims.  In other words, Merisant cannot prevail by arguing how consumers *could* react; it must prove how consumers actually *do* react. [6]

---

[6] *Highmark,* 276 F.3d at 171; *Breathasure*, 204 F.3d at 96; *Rhone-Poulenc Rorer*, 19 F.3d at 129-130; *Castrol*, 987 F.2d at 943; *Ditri*, 954 F.2d at 872; *Labware, Inc. v. Thermos Labsystems, Inc.*, No. Civ. A. 04-2545, 2005 WL 1541028, at *10 (E.D. Pa. June 29, 2005).

1358064v1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4**

**False advertising -- Element 3 (Material deception)**

The third element Merisant must prove by a preponderance of the evidence is that the statements McNeil made about Splenda were material.  In other words, Merisant must show that the statements were likely to influence the purchasing decisions of the intended audience.[7]

_____

[7] *U.S. Healthcare*, 898 F.2d at 922; *Cashmere & Camel Hairs Mfrs. Inst. v. Saks Fifth Avenue*, 284 F.3d 302 (1st Cir. 2002); *Labware*, 2005 WL 1541028, at *11.

1358064v1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5**

**False advertising -- Element 4 (Interstate commerce)**

The fourth element Merisant must prove by a preponderance of the evidence is that McNeil made the statements about Splenda at issue in interstate commerce.  McNeil and Merisant have agreed that the interstate commerce element is satisfied.  Accordingly, you do not need to make a determination as to this element.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6**

**False advertising -- Element 5 (Resulting injury)**

The fifth element Merisant must prove by a preponderance of the evidence is that

Merisant has been injured as a result of McNeil's allegedly false or misleading statements.

To recover money damages, Merisant must show a *causal nexus* or *link* between

McNeil's alleged false or misleading advertising claims and consumers' decision to purchase

Splenda instead of Merisant's products.  In other words, Merisant must prove

1.    that consumers were actually deceived by McNeil's allegedly false or
      misleading advertising claims for Splenda,

2.    that consumers relied on those claims, and

3.    that Merisant was actually injured as a result of consumers' deception and
      reliance.[8]

If you determine that Merisant has not been injured as a result of the allegedly

false or misleading nature of McNeil's advertising, you must find in favor of McNeil.

I will give you further instructions later regarding damages and what you must

find in order to award damages, if any, to Merisant.

---

[8] *Breathasure*, 204 F.3d at 92; *U.S. Healthcare*, 898 F.2d at 922; *Parkway Baking Co. v. Freihofer Baking Co.*, 255 F.2d 641, 648 (3d Cir. 1958); *Labware*, 2005 WL 1541028, at *12; *Synygy, Inc. v. Scott-Levin, Inc.*, 51 F. Supp. 2d 570, 577 (E.D. Pa. 1999).

1358064v1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7**

**False Advertising Under Pennsylvania Law**

A Pennsylvania common law claim for unfair competition mirrors the federal claim for unfair competition, except that under Pennsylvania law there is no requirement that the goods traveled through interstate commerce. [9]

Thus, if you find McNeil liable for false advertising under federal law, you must find McNeil liable for false advertising under Pennsylvania law.

If, on the other hand, you find that McNeil is not liable for false advertising under federal law, you must find McNeil not liable for false advertising under Pennsylvania law.

---

[9] *Louis Vuitton Malletier and Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 582 (E.D. Pa. 2002); *Haymond*, 2001 WL 15956 at *2 (E.D. Pa. 2001); *Paul Morelli Design, Inc. v. Merit Diamond Corp.*, No. Civ. A. 99-3219, 2000 WL 670029, at *1 (E.D. Pa. 2000).

1358064v1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8**

**Laches -- General**

McNeil alleges, as a defense, that Merisant waited an unreasonably long time to file this lawsuit challenging McNeil's advertising and that McNeil was prejudiced by that delay. This is known as a "laches" defense and is based upon the principle that a court will not come to the aid of one who sleeps on its rights.  To establish a laches defense, McNeil must prove that Merisant unreasonably delayed in filing this lawsuit, and that McNeil has been prejudiced as a result of Merisant's inaction.[10]

---

[10] *Santana Prods. Inc. v. Bobrick Washroom Equip, Inc.*, 401 F.3d 123, 138 (3d Cir. 2005); *University of Pittsburgh v. Champion Prods. Inc.*, 686 F.2d 1040, 1044 (3d Cir. 1982).

### DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9

#### Laches -- Delay

In determining whether Merisant's delay was unreasonable, the amount of time that may be deemed unreasonable has no fixed boundaries but depends on the circumstances. Your focus should then be on the reasonableness of the delay rather than on the amount of time that elapsed.[11]   Informal efforts by a party to protest its rights that are short of filing a lawsuit – such as raising an objection to the advertising in a letter or in person – do not necessarily justify a delay in filing suit.[12]   Nor can a party delay filing suit simply to see whether a defendant's product will be successful or how a defendant's advertising campaign might evolve.[13]

---

[11] *McKesson Info Solutions LLC v. The Trizetto Group*, 426 F. Supp. 2d 203, 208 (D. Del. 2006); *Sobosle v. U.S. Steel Corp.*, 359 F.2d 7 (3d Cir. 1966); *see also Juicy Couture, Inc. v. L'Oreal USA, Inc.*, No. 04 Civ. 7203 (DLC), 2006 WL 1012939, *33-34 (S.D.N.Y. Apr. 19, 2006).

[12] *Santana Prods. v. Bobrick Washroom Equip.*, 249 F. Supp. 2d 463, 501 (M.D. Pa. 7, 2003)*, aff'd*, 401 F.3d 123 (3d Cir. 2005)*; see also Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 190 (2d Cir. 1996).

[13] *Hot Wax v. Turtle Wax*, 191 F.3d 813, 822 (7th Cir. 1999).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10**

**Laches -- Prejudice**

If you find that Merisant unreasonably delayed in filing this lawsuit, you must then consider whether McNeil was prejudiced or harmed as a result of the delay.  Prejudice may take the form of an investment of money or resources on the part of McNeil in building up its business or establishing a brand identity during the time in which Merisant delayed.  Prejudice may also exist if, had Merisant brought this lawsuit sooner, McNeil could have devoted resources to an alternative marketing strategy for Splenda. [14]

---

[14] *Westco-Chippewa Pump Co. v. Delaware Electric & Supply Co.*, 64 F.2d 185, 187 (3d Cir. 1933); *Joint Stock Society v. UDV N. America*, 53 F. Supp. 2d 692, 717 (D. Del. 1999), *aff'd*, 266 F.3d 164 (3d Cir. 2001); *Anaconda Co. v. Metric Tool & Die Co.*, 485 F. Supp. 410, 429 (E.D. Pa. 1980); *see also Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 839 (9th Cir. 2002).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11**

**Laches -- Monetary Versus Injunctive Relief**

Even if you find that Merisant's case should not be barred in its entirety, you may still find that the length of Merisant's delay and the resulting prejudice to McNeil should preclude Merisant's claims for monetary damages.  A delay that does not result in a total bar may nonetheless support a finding that Merisant's claims for money damages are barred by laches if, after considering all the facts and circumstances, an award of money damages would be inequitable.[15]

---

[15] *University of Pittsburgh*, 686 F.2d at 1044 (3d Cir. 1982); *Villanova Univ. v. Villanova Alumni Educ. Found., Inc.*, 123 F. Supp. 2d 293, 309 (E.D. Pa. 2000); *United Nat'l Real Estate, Inc. v. Morgan*, Civ. A. No. 89-5421, 1990 WL 265180, at *5 (E.D. Pa. Nov. 27, 1990).

1358064v1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12**

**Laches -- Equitable Considerations**

The ultimate determination of whether laches should apply in this case is a question of fairness given all the facts and circumstances.  Thus, if you find that the elements of laches have been proved, you can nevertheless deprive McNeil of the defense if you find that McNeil has come into court with "unclean hands."[16]

In deciding whether McNeil has "unclean hands," it is not enough for you to find that McNeil intended to exploit consumer confusion or to mislead consumers through marketing techniques that are typical of competitors in the artificial sweetener industry.  Rather, before deciding that the defense of laches should not apply, you must find that McNeil engaged in deliberate misconduct of a particularly egregious nature.[17]

---

[16] *Prison Health Servs., Inc. v. Umar*, No. Civ. A. 02-2642, 2002 WL 32254510, at *22 (E.D. Pa. July 2, 2002); *see also Intertech Licensing Corp. v. Brown & Sharpe Mfg. Co., Inc.*, 708 F.Supp. 1423, 1439 (D. Del. 1989).

[17] *Rhone-Poulenc Rorer*, 19 F.3d at 132; *Izume Prods. Co. v. Koninklijke Philips Electronics N.V.*, 315 F. Supp. 2d 589, 613 (D. Del. 2004); *Bound v. Spencer Gifts, Inc.*, No. CIV. A. 95-2216, 1996 WL 556657, at *2 (E.D. Pa. Oct. 1, 1996); *Anaconda*, 485 F. Supp. at 429.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13**

**Damages -- Consider Only If Necessary**

If Merisant has proven by a preponderance of the credible evidence that McNeil is liable on Merisant's claim, then you must determine the damages to which Merisant is entitled. However, you should not infer that Merisant is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Merisant is entitled to a monetary recovery.[18]

---

[18] 4 Leonard Sand, et al., *Modern Federal Jury Instructions*, Instruction 77-1 (parties' names substituted for "plaintiff" and "defendant.").

1358064v1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14**

**Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for loss, if any, which resulted from the defendant's violation of the plaintiff's rights.  If you find that McNeil is liable on the claims, as I have explained them, then you must award Merisant sufficient damages to compensate it for any injury proximately caused by McNeil's conduct.

These are known as "compensatory damages."  Compensatory damages seek to make the plaintiff whole – that is, to compensate it for the damage it actually suffered.

I remind you that you may award compensatory damages only for injuries that a Merisant proves were proximately caused by McNeil's allegedly wrongful conduct.  The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries, but only for those injuries that Merisant has actually suffered.

| Deleted: . |
| Deleted: B |
| Deleted: or which it is likely to suffer in the near future |

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

1358064v1

<u>If you find that the evidence before you is insufficient to show that Merisant has</u>

<u>sustained any substantial damages, then you may return a verdict for Merisant on liability and fix</u>

<u>the amount of the compensatory damages in a nominal sum such as one</u>.[19]

---

[19]  4 Leonard Sand, et al., *Modern Federal Jury Instructions,* Instruction 77-3 (changes not noted in redline include changes of pronouns and substitution of parties' names from "plaintiff" and "defendant").

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15**

**Compensatory Damages -- Merisant's Lost Profits**

If you should find, from a preponderance of the evidence in the case, that Merisant is entitled to a verdict, the law provides that Merisant is to be fairly compensated for all damages, if any, to Merisant's business proximately caused by McNeil's <u>mis</u>conduct.

In arriving at the amount of the award, you should include any damages suffered by Merisant because of lost profits; that is to say, profits that Merisant would have made, but for the unlawful conduct of McNeil.

If you should find from a preponderance of the evidence in the case that damage to Merisant's business, such as a loss in profits, was proximately caused by McNeil's conduct complained of, then the circumstances that the precise amount of Merisant's damages may be difficult to ascertain should not affect plaintiff's recovery, particularly if McNeil's wrongdoings have caused the difficulty in determining the precise amount.

On the other hand, Merisant is not to be awarded purely speculative damages. An allowance for lost profits may be included in the damages awarded only if there is some reasonable basis in the evidence in the case for determining that Merisant has in fact suffered a loss of profits, even though the amount of such loss may be difficult to ascertain.

| Deleted: , |
| --- |

| Deleted: the |
| --- |
| Deleted: illegal |

| Deleted: , |
| --- |
| Deleted: when |

| Deleted: In arriving at the amount of any loss of profits sustained by Merisant, you are entitled to consider any past earnings of Merisant in the business in question, as well as any other evidence in the case bearing on this issue |
| --- |

20

---

[20]  O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, §129.30 (5th Ed.) (substituting parties' names for "plaintiff" and "defendant.")

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16**

**Compensatory Damages -- McNeil's Profits**

If you should find from a preponderance of the evidence that Merisant is entitled to a verdict, and recovery of its own lost profits is insufficient to make it whole, the law provides another measure of damages by which Merisant may be fairly compensated – awarding Merisant those profits McNeil gained from sales that Merisant would have made but for McNeil's false advertising.  This is called disgorgement.  The parties have agreed to the amounts that constitute McNeil's gross revenues and expenses, and hence profits.  It is up to you to decide whether Merisant is entitled to any portion of those profits.

An award of McNeil's profits is only appropriate if Merisant's damages are otherwise nominal.[21]  To determine whether Merisant is entitled to McNeil's profits gained from sales that Merisant would have made but for McNeil's false advertising you should consider the following factors, including, but not limited to:

(1)  whether McNeil had the intent to confuse or deceive;

(2)  whether sales have been diverted from McNeil to Merisant,

(3)  the adequacy of other remedies, such as Merisant's lost profits,

(4)  any unreasonable delay by Merisant in asserting its rights, and

(5)  the public interest in making the misconduct unprofitable.

Disgorgement is not a penalty, it can only be awarded to compensate Merisant for its losses.[22]  Therefore, you can only award an amount that compensates Merisant for its proven

---

[21]  *Joint Stock Soc'y v. UDV N. Am., Inc.*, 266 F.3d 164, 184 (3d Cir. 2001).

[22]  15 U.S.C. § 1117(a).

1358064v1

losses.[23]  And disgorgement must be limited to that portion of McNeil's sales and resulting profits that Merisant would have made but for the false advertising, and that can reasonably be attributed to the false advertising.  Any award should not include profits that can be reasonably attributed to other factors (such as taste, quality, price, and appearance).[24]

You may not include in any award of profits any amount that you included in determining plaintiff Merisant's actual compensatory damages.[25]

---

[23] *Burndy Corp. v. Teledyne Indus., Inc.*, 584 F. Supp. 656, 668 (D. Conn. 1984); *see George Basch Co., Inc. v. Blue Coral, Inc.*, 968 F.2d 1532, 1540 (2d Cir. 1992).

[24] *Gucci Am., Inc. v. Daffy's, Inc.*, 354 F.3d 228, 243 (3d Cir. 2003).

[25] *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 175 (3d Cir. 2005); *see also* Judge Pratter's March 2, 2007 Mem. & Order at 35-36.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17**

**Damages:  Mitigation of Damages**

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages.  The law imposes on an injured person the duty to take advantage of reasonable opportunities he may have to prevent the aggravation of his injuries, so as to reduce or minimize the loss or damage.

If you find McNeil is liable and that Merisant has suffered damages, Merisant may not recover for any item of damage it could have avoided through such reasonable effort.  If Merisant unreasonably failed to take advantage of an opportunity to lessen its damages, you should deny recovery for those damages which it would have avoided had it taken advantage of the opportunity.

Bear in mind that the question whether Merisant acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts.  Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is defendant's burden of proving that the damages reasonably could have been avoided.  In deciding whether to reduce Merisant's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether McNeil has satisfied its burden of proving that Merisant's conduct was not reasonable.[26]

---

[26] 4 Leonard Sand, et al., *Modern Federal Jury Instructions*, Instruction 77-7.

1358064v1

Dated:  April 2, 2007

Respectfully submitted,

Steven A. Zalesin
Clay J. Pierce
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York  10036-6710
(212) 336-2000

and

DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, Pennsylvania 19103-6996
(215) 988-2700


By: */s/ Alfred W. Putnam, Jr.*
        Alfred W. Putnam, Jr.
        David J. Kessler
        Andrea L. D'Ambra

Of Counsel:

        Donna Malin, Esq.
        Johnson & Johnson

1358064v1